LARCHE & HAUGHTON *v.* I. N. KENT—R. H. MAY, Garnishee.

The answer of the garnishee, that he holds property, not for the present benefit of the defendant, but to pay the creditors of the succession from which the defendant inherited, is not an admission that the garnishee has funds which belong of right to the defendant, so as to bind him by his answers to pay the money.
C. C. 2863.

APPEAL from the District Court of the Parish of Carroll, *Perkins*, J. *Dubose*, for plaintiff and appellant.*

SPOFFORD, J. There is no error in the judgment, which was rendered in favor of the garnishee.

The plaintiffs do not complain of any evasion in his answers, nor have they attempted to traverse them.

They rely upon the point, that the answers contained an admission that the garnishee has funds in his hands which belong of right to *Isaac N. Kent*, their judgment debtor.

We do not see how such an inference can be drawn from the answers. The property therein spoken of, it is admitted by plaintiffs, belongs to *Kent*'s wife, and is not itself liable to seizure for his debts. They contend that its revenues go into the community subsisting between *Kent* and his wife, and, therefore, that they have made a valid seizure of the revenues in the hands of the garnishee.

But the garnishee swears that neither *Kent* nor his wife have any interest in the revenues until the debts of the succession of *Joseph M. Patton* (from whom Mrs. *Kent* inherits) are paid; that he is a large creditor of that succession himself; that there are debts due to others, and that the land and slaves in question were to remain in the possession of the executors or representatives of the succession of *Patton*, until all the debts of the said succession are paid.

*The record does not disclose what counsel appeared on behalf of defendants in the Supreme Court.

LARCHE
*v.*
KENT.

This is substantially an averment, that he holds the property not for the present benefit of Mrs. *Kent* and her husband, but to pay the creditors of *Patton's succession* out of its revenues.

Although the answers do not seem to be clear or consistent in regard to the mode in which the share set apart by the experts to Mrs. *Kent* is really held, still they positively exclude the idea, that it has ever been under the administration of her husband or herself. But, it is only where the paraphernal property is administered by the husband, or by him and the wife indifferently, that the fruits belong to the conjugal partnership. C. C. 2363.

The judgment is therefore affirmed, with costs.